DAVIS v. PUBLIC SCHOOLS OF ROBESON COUNTY

[115 N.C. App. 98 (1994)]

———————

ROBERT L. DAVIS, PETITIONER v. THE PUBLIC SCHOOLS OF ROBESON COUNTY, BOARD OF EDUCATION, AND DOUGLAS Y. YONGUE, SUPERINTENDENT, RESPONDENTS

No. 9316SC924

(Filed 7 June 1994)

1. **Schools § 158 (NCI4th)— suspended teacher—reinstatement denied—teacher not prejudiced**

There was no merit to petitioner teacher's contention that respondent board of education was without authority to deny the reinstatement of petitioner because more than ninety days passed between the notice of suspension with pay and the notification of the recommendation to dismiss, since petitioner's reinstatement was automatic, based on *Evers v. Pender County Bd. of Education*, 104 N.C.App. 1, and N.C.G.S. § 115C-325(f1); however, the superintendent's failure to reinstate petitioner was of no practical effect because school was not in session, petitioner was compensated, and a new suspension began shortly thereafter.

**Am Jur 2d, Schools §§ 111 et seq.**

2. **Schools § 245 (NCI4th)— dismissal of teacher—violations of N.C.G.S. § 115C-325 alleged—teacher not prejudiced**

There was no merit to petitioner teacher's argument that respondent board of education violated various sections of N.C.G.S. § 115C-325 during his dismissal hearing, since petitioner received information concerning witnesses and documents in a timely fashion; petitioner who was accused of immorality was

not prejudiced by the presence of a minor child's parents in the hearing room during the child's testimony; petitioner received timely notice of respondent's decision; and the board's decision was clearly supported by a preponderance of competent evidence.

**Am Jur 2d, Schools §§ 180 et seq.**

Appeal by petitioner from order entered 5 July 1993 by Judge Henry V. Barnette, Jr. in Robeson County Superior Court. Heard in the Court of Appeals 9 May 1994.

*Robert L. Davis, petitioner-appellant, pro se.*

*Locklear, Jacobs, Sutton and Hunt, by Arnold Locklear, for respondents-appellees.*

JOHNSON, Judge.

Petitioner Robert L. Davis was employed by respondent Board of Education for the Public Schools of Robeson County (hereafter, Board) as a tenured teacher on 23 March 1992 when he was suspended with pay pursuant to North Carolina General Statutes § 115C-325(f1) (Cum. Supp. 1993). By letter dated 22 July 1992, petitioner was informed by the interim superintendent that he intended to recommend petitioner's dismissal to the Board on the grounds of immorality pursuant to North Carolina General Statutes § 115C-325(e)(1)(b) (Cum. Supp. 1993).

Petitioner requested a hearing before the Professional Review Committee (hereafter, PRC) and this hearing was scheduled for 16 September 1992. The PRC, by letter dated 16 September 1992, "found that the Superintendent had provided inadequate evidence to substantiate the charge of immorality. Although the panel does not in any way condone Mr. Davis' behavior . . . they did not feel the isolated incident constituted grounds for dismissal."

By letter dated 24 September 1992, the interim superintendent informed petitioner that, having received the report of the PRC, he intended to recommend petitioner's dismissal to the Board. The petitioner by letter dated 28 September 1992 to the interim superintendent requested a hearing before the Board.

The Chairman of the Board, by letter dated 6 October 1992, notified petitioner that the superintendent's recommendation for his dismissal would be heard on 26 October 1992 at 6:30 p.m. The hearing

began as scheduled and was continued the following evening, and during the early morning hours of 28 October 1992, it was announced to the reporter that " . . . the Board reached a compromise with Mr. Davis and will not be reaching a decision on the merits of the case at this time." However, on 3 November 1992, the Chairman of the Board, before the Board resumed its deliberations in executive session, said, "let it be noted that the efforts and informal resolution of this matter proved unsuccessful." The Board thereafter accepted unanimously the interim superintendent's recommendation to dismiss petitioner on the grounds of immorality.

Petitioner filed a petition for judicial review on 30 November 1992, appealing the order of dismissal. The superior court judge entered an order 5 July 1993 affirming the decision and resolution of the Board dismissing petitioner. From this order, petitioner appeals to our Court.

[1] Petitioner first contends that the Board was without authority to deny the reinstatement of petitioner because 124 days passed between the notice of suspension and the notification of the recommendation to dismiss. The record indicates that on 23 March 1992, petitioner was suspended with pay; that by letter dated 22 July 1992, petitioner was notified that the interim superintendent intended to recommend his dismissal to the Board; that on 13 August 1992, petitioner was notified that his employment status was changed to suspension without pay; and that by letter dated 29 August 1992, petitioner requested that the interim superintendent reinstate him to his position.

North Carolina General Statutes § 115C-325(f1) states:

Suspension with Pay.—If a superintendent believes that cause may exist for dismissing or demoting a probationary or career teacher for any reasons specified in G.S. 115C-325(e)(1)b through 115C-325(e)(1)j, but that additional investigation of the facts is necessary and circumstances are such that the teacher should be removed immediately from his duties, the superintendent may suspend the teacher with pay for a reasonable period of time, not to exceed 90 days. The superintendent shall immediately notify the board of education of his action. If the superintendent has not initiated dismissal or demotion proceedings against the teacher within the 90-day period, the teacher shall be reinstated to his duties immediately and all records of the sus-

pension with pay shall be removed from the teacher's personnel file at his request.

Our Court examined North Carolina General Statutes § 115C-325(f1) in *Evers v. Pender County Bd. of Education,* 104 N.C. App. 1, 407 S.E.2d 879 (1991), *aff'd,* 331 N.C. 380, 416 S.E.2d 3 (1992). In *Evers,* our Court held "that while N.C. Gen. Stat. § 115C-325(f1) clearly requires the reinstatement of a teacher who has been suspended with pay once ninety days without the initiation of dismissal proceedings have lapsed, it does not prohibit the subsequent initiation of dismissal proceedings against such teacher." *Id.* at 12, 407 S.E.2d at 885. Our Court opined:

> [W]e are of the opinion that the General Assembly, in enacting N.C. Gen. Stat. § 115C-325(f1), did not intend to prohibit the initiation of dismissal proceedings against a teacher who has been suspended with pay once ninety days beyond the date of such suspension have lapsed.
>
> . . .
>
>     In the instant case, the language of N.C. Gen. Stat. § 115C-325(f1) is clear and unambiguous: If the superintendent fails to initiate dismissal proceedings against a teacher who has been suspended with pay within ninety days of such suspension, the teacher must be reinstated. However, we believe the language of N.C. Gen. Stat. § 115C-325(f1) is equally clear that reinstatement from suspension and upon request removal of the suspension action from the teacher's record are the *only* consequences which follow from a superintendent's failure to timely initiate dismissal proceedings. Section 115C-325(f1) does not provide that the failure to initiate dismissal proceedings within the statutorily prescribed time limit will forever bar the initiation of dismissal proceedings; the statute merely requires that the teacher be removed from suspension.

*Id.* at 11-12, 407 S.E.2d at 884-85 (emphasis retained). In *Evers,* because the plaintiff challenged only the initiation of proceedings and not the superintendent's failure to reinstate him to his position after ninety days, the Court did not address the failure to reinstate.

At petitioner's hearing in the instant case, the Board found that

> N.C.G.S. 115C-325(f1) permits the Superintendent to suspend a teacher with pay for a period of time not to exceed ninety (90)

days. The Board finds that the Superintendent failed to initiate dismissal or demotion proceedings within the ninety (90) day period. There was no evidence presented that Mr. Davis requested reinstatement to his position when the ninety (90) day time period expired. It is also noted that the extended period of suspension occurred during the summer when school was not in session. The Board has ordered that Mr. Davis be paid any salary to which he would have been entitled from the ninety first (91st) day until the day that the Superintendent initiated dismissal proceedings against him.

We are of the opinion that petitioner need not have requested reinstatement to his position when the ninety day time period elapsed; this reinstatement was automatic, based on *Evers* and North Carolina General Statutes § 115C-325(f1). The superintendent's failure to reinstate petitioner, however, was of no practical effect because school was not in session, petitioner was compensated, and a new suspension began shortly thereafter. Therefore, we find this argument without merit.

[2] Petitioner next argues that the Board violated various sections of North Carolina General Statutes § 115C-325 (Cum. Supp. 1993) during the dismissal hearing and that therefore, the Board's resolution should be overturned. First, petitioner argues that North Carolina General Statutes § 115C-325(j)(5) (requiring the superintendent and teacher to exchange a list of witnesses and documents within at least five days of the hearing) was violated; we note that this information was transmitted verbally seven days before the hearing and in written form less than five days before the hearing, and that petitioner was not prejudiced by this procedure.

Next, petitioner argues that North Carolina General Statutes § 115C-325(j)(1) requires that the hearing be private, yet, the minor child's parents were allowed to attend the hearing while their daughter testified. A review of the evidence indicates that petitioner was not unduly prejudiced by the presence of the minor child's parents in the hearing room, and we therefore overrule this argument. *Cf.* North Carolina General Statutes § 15A-1225 (1988) (where upon motion of a party the judge may order witnesses other than the defendant to remain outside of the courtroom until called to testify; except when a minor child is testifying, a parent or guardian may be present even though the parent or guardian is to be called subsequently).

Petitioner also argues that North Carolina General Statutes § 115C-325(I)(5), which requires the Board to notify the teacher of the Board's decision within five days of the hearing, was violated. The record shows that the Board reached a final decision in this matter on 3 November 1992, and that petitioner received a copy of this resolution on 5 November 1992. Petitioner's argument is overruled.

Finally, petitioner argues that the decision of the Board is not supported by competent evidence as set forth in the record. We have reviewed the record and find the decision of the Board was clearly supported by a preponderance of competent evidence.

Petitioner's remaining arguments are without merit or are based on matters stipulated to by petitioner previously.

Affirmed.

Judges WELLS and JOHN concur.