CAMERON JAMES, Petitioner v. CHARLOTTE-MECKLENBURG COUNTY BOARD OF EDUCATION, Respondent

No. COA11-1376

(Filed 17 July 2012)

## 1. Administrative Law—Board of Education—termination of employment—administrative remedies exhausted

The trial court erred in a case involving petitioner's dismissal from employment as a school teacher by concluding that petitioner had failed to exhaust his administrative remedies prior to filing a petition for judicial review. Petitioner exhausted his administrative remedies by adhering to the procedures prescribed in N.C.G.S. § 115C-325, specifically, by requesting a hear-

ing before the Board of Education and subsequently appealing the Board's decision to the superior court in accordance with N.C.G.S. § 115C-325(n).

**2. Schools and Education—Board of Education—hearing date not unreasonable—no prejudice**

Respondent Board of Education did not lack jurisdiction to hear petitioner's case due to its failure to comply with the mandatory requirements of N.C.G.S. § 115C-325(j)(1). The Board's decision to conduct the hearing approximately two weeks later than petitioner's proposed dates for the hearing was not unreasonable in light of the parties' inability to set a date and petitioner was not prejudiced by any delay.

**3. Public Officers and Employees—Board of Education— whole record review—findings sufficient—sufficiency of evidence not contested**

Respondent Board of Education's review of the record in a case involving petitioner's dismissal from employment as a school teacher was not erroneous where the Board accepted the superintendent's recommendation to terminate petitioner's employment after considering the record as a whole. The Board appropriately replaced the findings it deemed insufficiently supported by the evidence and the Board's actions in this respect were sufficient to comply with N.C.G.S. § 115C-325(j2)(7). Furthermore, petitioner failed to contest the sufficiency of the evidence to support his dismissal in a manner sufficient to preserve the issue for appellate review.

Appeal by Petitioner from order entered 22 July 2011 by Judge W. Robert Bell in Mecklenburg County Superior Court. Heard in the Court of Appeals 21 May 2012.

*Tin Fulton Walker & Owen, P.L.L.C., by John W. Gresham, for Petitioner-appellant.*

*Fisher & Phillips LLP, by J. Michael Honeycutt, for Respondent-appellee.*

HUNTER, JR., Robert N., Judge.

Cameron James ("Petitioner") appeals from the trial court's order dismissing his petition for judicial review of the Charlotte-

Mecklenburg County Board of Education's ("the Board") decision to terminate his employment. We affirm.

## I. Factual & Procedural Background

Petitioner began his employment with the Charlotte-Mecklenburg School System ("CMS") in January 2004 as a teacher at Cochrane Middle School. During the 2004-05 school year, CMS transferred Petitioner to West Mecklenburg High School and promoted him to the position of Dean of Students. Petitioner subsequently attained the position of Assistant Principal at West Mecklenburg High School for the 2005-06 school year before taking medical leave in May 2006 "to treat advanced colorectal cancer."

Following a successful operation in January 2007, Petitioner was cleared to return to work that April. CMS placed Petitioner as an assistant principal at Piedmont Middle School ("Piedmont"), where Petitioner's physicians believed the work would be "less stressful" than his previous position at West Mecklenburg High School.

That spring, Piedmont's principal, Dee Gardner ("Principal Gardner"), received complaints from teachers at the school that Petitioner was "being too friendly" and made them feel "uncomfortable." The complaints stemmed from Petitioner's conduct and interactions with the female staff at after-school "stress relief" social gatherings, which generally took place at local bars and restaurants. Principal Gardner discussed the complaints with Petitioner "after [she] observed him for a couple of months" and also informed him in writing that she wanted him "to be more professional and less casual with particularly the female staff." In addition, Principal Gardner expressed her concern (via the same writing) with Petitioner's "communication and the intensity of his responses with parents and children." Nonetheless, Petitioner received a positive summative evaluation at the close of the 2006-07 school year, in which Principal Gardner noted that Petitioner had "only been [at Piedmont] a short time but he ha[d] definitely established himself as a leader, a team player, an energizer, an enforcer, and a vital part of the administrative team." Following this evaluation and prior to the 2007-08 school year, CMS extended Petitioner a four-year contract to stay on as assistant principal at Piedmont.

Petitioner's problems interacting with students and parents persisted throughout the 2007-08 school year. Consequently, Principal Gardner placed Petitioner on an action plan designed to improve

Petitioner's ability to "[c]ommunicate effectively when speaking with students, staff, and parents," which Petitioner reviewed with Principal Gardner and signed on 14 December 2007. Petitioner failed to complete the action plan as directed.

In January 2008, Principal Gardner was approached by a male teacher at Piedmont who expressed concern that some of the female staff members at the school "were being harassed" by Petitioner. Principal Gardner interviewed the female staff members regarding their concerns and met with Petitioner to discuss his "inappropriate remarks to female staff." Additionally, Principal Gardner completed her mid-year assessment of Petitioner's performance in February 2008, in which she instructed Petitioner to "[e]liminate inappropriate communication to female staff."

In June 2008, a female teacher at Piedmont, Alanda Singletary, complained to Principal Gardner that Petitioner had issued her a poor job performance evaluation and "continued to harass her" because "she would not succumb to his advances." She also stated that Petitioner showed her a text image of a "smiley face with the middle finger up." Ms. Singletary set forth numerous allegations in a written memorandum to Principal Gardner dated 6 June 2008, including complaints that Petitioner had "obtained [her] phone number without [her] permission" from Piedmont's emergency telephone directory; that Petitioner "sent inappropriate/vulgar texts to [her] cell phone on a consistent basis;" that Petitioner had once told her he "preferred to date black women;" and that Petitioner had shown an "inappropriate text" to other teachers in the school cafeteria in the presence of a student. In light of these allegations, Principal Gardner launched an investigation through which she learned, among other things, that Petitioner had showed the smiley face image to 19 other staff members at Piedmont.

On 4 August 2008, Petitioner was suspended with pay pursuant to N.C. Gen. Stat. § 115C-325(f1) pending allegations of sexual harassment and interference with an investigation after being instructed not to have contact with staff. By letter dated 5 September 2008, the CMS superintendent provided Petitioner with a written notice of charges and stated that he was considering recommending Petitioner's dismissal to the Board on grounds of inadequate performance and failure to comply with the reasonable requirements of the Board. By letter dated 19 September 2008, the superintendent notified Petitioner of his intent to recommend dismissal and of Petitioner's right to contest his dismissal as provided under N.C. Gen. Stat.

§ 115C-325. The superintendent subsequently sent Petitioner an amended written notice of charges, in which the superintendent added "insubordination" as a third asserted statutory ground for Petitioner's dismissal.

Petitioner responded by requesting a hearing before a case manager, which was held at CMS' administrative offices on 23 and 24 November 2009. After hearing testimony and arguments from both sides, the case manager submitted his report and recommendation on 16 April 2010. The report included findings of fact relevant to each of the superintendent's three asserted grounds for dismissal and a recommendation that the grounds for dismissal were not substantiated by the evidence presented.

Notwithstanding the case manager's recommendation, the superintendent notified Petitioner of his intent to recommend Petitioner's dismissal to the Board. Petitioner requested a hearing before the Board to contest his dismissal and, as discussed further in Part III(B) *infra*, the parties agreed to schedule the Board hearing outside the time period prescribed by N.C. Gen. Stat. § 115-325(j1)(3). Petitioner took issue with the 27 May 2010 hearing date set by the Board, and Petitioner's counsel appeared at the Board hearing for the limited purpose of contesting the Board's jurisdiction over the matter in light of its alleged failure to schedule the hearing as prescribed by statute. When the Board rejected Petitioner's jurisdictional argument, Petitioner's counsel exited the hearing without presenting any arguments on the merits of Petitioner's dismissal. The Board voted to proceed with the hearing and heard arguments from the superintendent on the merits of the case. By resolution dated 1 June 2010, the Board unanimously voted to accept the superintendent's recommendation to dismiss Petitioner from his assistant principal position at Piedmont and to terminate Petitioner's employment with CMS.

Petitioner filed a petition for judicial review with Mecklenburg County Superior Court on 28 June 2010. The Board filed an answer to the petition on 25 August 2010, in which it asserted numerous defenses, including claims that Petitioner had failed to exhaust his administrative remedies and that Petitioner's right to seek judicial review was precluded "by knowingly failing to attend the board hearing regarding his dismissal." The trial court agreed with the Board's position and, by order entered 22 July 2011, dismissed Petitioner's petition for judicial review based upon Petitioner's failure to exhaust his administrative remedies. The trial court also stated an alternative basis for its decision, ruling that even assuming *arguendo* that

Petitioner had exhausted his administrative remedies, the Board correctly followed the statutorily prescribed procedure and, further, that there was substantial evidence in the record to support Petitioner's dismissal. Petitioner appeals.

## II. Jurisdiction

Jurisdiction lies in this Court pursuant to N.C. Gen. Stat. § 7A-27(b) (2011), as Petitioner appeals from a final order of the superior court as a matter of right.

## III. Analysis

### A. Exhaustion of Administrative Remedies

[1] Petitioner contends the trial court erred in concluding that he failed to exhaust his administrative remedies prior to filing a petition for judicial review. We agree.

> As a general rule, where the legislature has provided by statute an effective administrative remedy, that remedy is exclusive and its relief must be exhausted before recourse may be had to the courts. This is especially true where a statute establishes, as here, a procedure whereby matters of regulation and control are first addressed by commissions or agencies particularly qualified for the purpose. In such a case, the legislature has expressed an intention to give the administrative entity most concerned with a particular matter the first chance to discover and rectify error. Only after the appropriate agency has developed its own record and factual background upon which its decision must rest should the courts be available to review the sufficiency of its process. An earlier intercession may be both wasteful and unwarranted. "To permit the interruption and cessation of proceedings before a commission by untimely and premature intervention by the courts would completely destroy the efficiency, effectiveness, and purpose of the administrative agencies."

*Presnell v. Pell*, 298 N.C. 715, 721-22, 260 S.E.2d 611, 615 (1979) (citations omitted).

Section 115C-325 of our General Statutes sets forth in exhaustive detail the procedures for employing, demoting, and dismissing public school teachers and administrators. This regime affords a school administrator the right to contest the superintendent's grounds for dismissal through an evidentiary hearing held before a case manager. N.C. Gen. Stat. § 115C-325(h)(3) (2011). The superintendent may rec-

ommend dismissal to the board notwithstanding a finding by the case manager that the superintendent's grounds for dismissal are unsubstantiated, N.C. Gen. Stat. § 115C-325(i1)(3) (2011), in which case the school administrator may request a hearing before the board to challenge the superintendent's recommendation, N.C. Gen. Stat. § 115C-325(j1)(1) (2011). If the board determines that dismissal is appropriate based upon its review of the record, the school administrator may appeal the board's decision to the superior court pursuant to N.C. Gen. Stat. § 115C-325(n), which provides, in pertinent part:

> (n) Appeal.—Any career employee who has been dismissed . . . shall have the right to appeal from the decision of the board to the superior court for the superior court district or set of districts . . . in which the career employee is employed. This appeal shall be filed within a period of 30 days after notification of the decision of the board. . . . A career employee who has been demoted or dismissed, or a school administrator whose contract is not renewed, *who has not requested a hearing before the board of education* pursuant to this section shall not be entitled · to judicial review of the board's action.

N.C. Gen. Stat. § 115C-325(n) (2011) (emphasis added). Although the plain language of N.C. Gen. Stat. § 115C-325(n) requires only that the career employee *request* a hearing before the board, this Court has held that a request, alone, is not sufficient to exhaust one's administrative remedies. *See Church v. Madison County Bd. of Educ.*, 31 N.C. App. 641, 645, 230 S.E.2d 769, 771 (1976). In *Church*, the plaintiff school principal requested a hearing before the board, but then prevented the hearing from taking place by filing an action for damages and injunctive relief in superior court. *Id.* "Instead of filing an appeal with the superior court *after* the board hearing and *after* dismissal, [the plaintiff] brought the [] action in the superior court *before* either of these events took place." *Id.* We held "the plaintiff had not exhausted her administrative remedies before resorting to the courts" and affirmed the trial court's dismissal of the plaintiff's petition. *Id.* at 647, 230 S.E.2d at 772.

We disagree with the Board's contention that our holding in *Church* required dismissal of Petitioner's petition for judicial review in the instant case. Petitioner exhausted his administrative remedies by adhering to the procedures prescribed in N.C. Gen. Stat. § 115C-325, specifically, by requesting a hearing before the Board and subsequently appealing the Board's decision to the superior court in

accordance with N.C. Gen. Stat. § 115C-325(n). Unlike the plaintiff in *Church*, Petitioner did not prematurely resort to the courts by petitioning for judicial review before the Board could rule on the matter.

Petitioner's failure to argue the merits of his case at the hearing before the Board does not alter our conclusion. Petitioner presented evidence and arguments on the merits before the case manager, and these were part of the record upon which the Board reached its decision. There is no requirement in the exhaustive language of N.C. Gen. Stat. § 115C-325 that a plaintiff be present at the board hearing, much less raise arguments on the merits of his case, in order to exhaust his administrative remedies. Indeed, N.C. Gen. Stat. § 115C-325(j2)(6) (2011) generally prohibits parties from presenting new evidence at the board hearing, and N.C. Gen. Stat. § 115C-325(j2)(5) provides merely that the parties "shall be *permitted* to make oral arguments to the board" at the hearing, N.C. Gen. Stat. § 115C-325(j2)(5) (2011) (emphasis added). We therefore decline to extend our holding in *Church* to require a plaintiff to argue the merits of his case before the board in order to exhaust his administrative remedies.

Lastly, we note our language in *Church* indicating the plaintiff's failure "to present her side of the dismissal issue" before the board as one reason supporting our conclusion that the plaintiff failed to exhaust her available administrative remedies. *See Church*, 31 N.C. App. at 645, 230 S.E.2d at 771. Notwithstanding this language, it is clear from our analysis in that case that the primary basis for our ruling was the plaintiff's *bypass of the board hearing altogether* and not the plaintiff's failure to present arguments on the merits of her case before the board. *See id.* at 645-47, 230 S.E.2d at 771-72 (stressing the importance of adhering to the statutorily prescribed administrative scheme and stating, "To allow the courts to *prematurely interrupt or stop* these administrative proceedings would completely negate the effectiveness and purpose for which they were statutorily created"). Here, Petitioner did not bypass, interrupt, or prevent the Board hearing from taking place. Rather, Petitioner requested a hearing before the Board, the hearing took place, and the Board reached its decision on the merits of Petitioner's dismissal, all of which occurred *before* Petitioner appealed his case to the superior court. We hold this was sufficient to satisfy the exhaustion of administrative remedies requirement, and we proceed to address the merits of Petitioner's appeal.

## B. The Board's Jurisdiction

**[2]** Petitioner contends the Board lacked jurisdiction to hear his case because the Board "failed to comply with the mandatory requirements of § 115C-325(j)(1) [sic]" in scheduling and conducting the Board hearing.

We recognize at the outset that a school board "is permitted to operate under a more relaxed set of rules than is a court of law" and is likewise afforded "a wider latitude in procedure." *Baxter v. Poe*, 42 N.C. App. 404, 409, 257 S.E.2d 71, 74 (1979). A former version of N.C. Gen. Stat. § 115C-325(j1)(3) sets forth the applicable timeframe for conducting a board hearing and provides, in pertinent part:

> Within two days after receiving the superintendent's recommendation and before taking any formal action, the board shall set a time and place for the hearing and shall notify the career employee by certified mail or personal delivery of the date, time, and place of the hearing. The time specified shall not be less than seven nor more than 10 days after the board has notified the career employee, unless both parties agree to an extension.

N.C. Gen. Stat. § 115C-325(j1)(3) (2009).[1]

Here, the superintendent notified Petitioner of his intent to recommend Petitioner's dismissal to the Board on 20 April 2010, Petitioner requested a hearing before the Board on 23 April 2010, and the matter came on before the Board on 27 May 2010. The record is silent with respect to several important facts, such as when the Board received the superintendent's recommendation and when the Board notified Petitioner of the hearing. Absent these facts, we cannot determine the relevant ("not [] less than seven nor more than 10 day[]") timeframe within which the Board hearing should have been held in order to comport with N.C. Gen. Stat. § 115C-325(j1)(3). Regardless, the record reveals correspondence between the parties indicating their agreement to schedule the hearing *outside* the statutorily prescribed period. In an email to the superintendent's attorney dated 28 April 2010, counsel for Petitioner stated: "We agreed that the time period would be extended through May 12th and that I am available on May 11 and May 12." The superintendent's attorney responded in an email dated 29 April 2010, stating, "We agreed that to accom-

---

1. N.C. Gen. Stat. § 115C-325(j1)(3) has been amended to provide that "[t]he time specified [for the board hearing] *shall not be less than 10 nor more than 30 days* after the board has notified the career employee, unless the parties agree to an extension." N.C. Gen. Stat. § 115C-325(j1)(3) (2011) (emphasis added).

modate schedules that we would extend the hearing date beyond the 10 day period set forth in the statute and that I would check my availability and that of the board to conduct the hearing May 11 or 12 which you have open." This correspondence, which is the only evidence of the parties' communication on this issue, indicates the parties agreed to conduct the Board hearing outside the statutory period prescribed in N.C. Gen. Stat. § 115C-325(j1)(3), but failed to reach consensus regarding the date or dates on which the hearing would be held. As N.C. Gen. Stat. § 115C-325(j1)(3) does not contemplate this precise situation, we conclude the Board's decision to conduct the hearing on 27 May 2010, approximately two weeks later than Petitioner's proposed dates for the hearing, was not unreasonable in light of the parties' inability to set a date. Significantly, we note that even if the Board erred in conducting the hearing outside the statutory period, we would nevertheless reject Petitioner's position on this issue, as Petitioner has failed to offer any argument concerning how he was prejudiced by the Board's delay. *See Davis v. Pub. Sch. of Robeson County, Bd. of Educ.*, 115 N.C. App. 98, 102, 443 S.E.2d 781, 784 (1994) (rejecting the petitioner's argument that the Board violated various sections of N.C. Gen. Stat. § 115C-325 where the petitioner was not prejudiced or "unduly prejudiced" by the alleged procedural violations). Absent a showing of prejudice, Petitioner's argument must fail and is accordingly overruled.

## C. The Board's Review of the Record

**[3]** Petitioner challenges the Board's review of the record in reaching its decision and contends "[t]he Board's rejection of the case manager's report was contrary to the statute and the Ferris [sic] decision." Petitioner argues the Board was required to make alternative findings of fact or to remand to the case manager for additional findings upon determining the case manager's findings were not supported by substantial evidence, but instead "relied on the recitation of the Superintendent's attorney of only that portion of the record that supported the Superintendent to reach its decision."

N.C. Gen. Stat. § 150B-51 provides that this Court may reverse or modify the Board's decision if it was "[m]ade upon unlawful procedure." N.C. Gen. Stat. § 150B-51(b)(3) (2011); *see Farris v. Burke County Bd. of Educ.*, 355 N.C. 225, 236, 559 S.E.2d 774, 781 (2002) (reviewing the Board's action "to determine whether its decision was based upon 'wrongful procedure.'"). We review the procedure employed by the Board *de novo, see* N.C. Gen. Stat. § 150B-51(c), and

we accordingly "consider[] the matter anew and freely substitute[] [our] own judgment for that of the [Board]." *In re Appeal of Greens of Pine Glen Ltd.*, 356 N.C. 642, 647, 576 S.E.2d 316, 319 (2003).

N.C. Gen. Stat. § 115C-325(j2)(7) governs the Board's review of the case manager's findings of fact and provides, in pertinent part:

> The board shall accept the [case manager's] findings of fact unless a majority of the board determines that the findings of fact are not supported by substantial evidence when reviewing the record as a whole. In such an event, the board shall make alternative findings of fact. If a majority of the board determines that the [case manager] did not address a critical factual issue, the board may remand the findings of fact to the [case manager] to complete the report to the board.

N.C. Gen. Stat. § 115C-325(j2)(7) (2011).

Our review of the record indicates the Board rejected the case manager's findings of fact that it deemed unsupported by substantial evidence and substituted those findings with the alternative findings of fact submitted at the Board hearing by counsel for the superintendent. Both "[t]he unsupported and alternative findings of fact [were] noted in the transcript of the Board hearing as presented by the attorney representing the Superintendent." This equated to the Board making alternative findings of fact in accordance with N.C. Gen. Stat. § 115C-325(j2)(7). Moreover, the instant case is distinguishable from *Farris*, the case upon which Petitioner predicates his argument on this issue. There, our Supreme Court held that the respondent board of education failed to comply with N.C. Gen. Stat. § 115C-325(j2)(7) by making *additional*, rather than alternative, findings of fact to those already made by the case manager and then mislabeling the additional findings as "alternative findings of fact." *Farris*, 355 N.C. at 238, 559 S.E.2d at 782. The Board here appropriately *replaced* the findings it deemed insufficiently supported by the evidence, and we conclude the Board's actions in this respect were sufficient to comply with N.C. Gen. Stat. § 115C-325(j2)(7).

Furthermore, Petitioner's contention that the Board accepted the superintendent's recommendation to terminate his employment based solely upon the superintendent's arguments before the Board and without considering the record as a whole is without merit. N.C. Gen. Stat. § 115C-325(j2) sets forth the "procedures [that] shall apply to a hearing conducted by the board" and provides that the Board shall consider the following in reaching its decision:

a. The whole record from the hearing held by the case manager, including a transcript of the hearing, as well as any other records, exhibits, and documentary evidence submitted to the case manager at the hearing.

b. The case manager's findings of fact, including any supplemental findings prepared by the case manager . . . .

c. The case manager's recommendation as to whether the grounds . . . submitted by the superintendent are substantiated.

d. The superintendent's recommendation and the grounds for the recommendation.

N.C. Gen. Stat. § 115C-325(j2)(2) (2009). The Board shall also consider written statements submitted by the parties at least three days prior to the Board hearing in addition to the parties' oral arguments presented before the Board. N.C. Gen. Stat. § 115C-325(j2)(4)-(5) (2011).

Here, Petitioner offers no evidence in support of his assertion that the Board considered only the superintendent's arguments at the Board hearing in reaching its decision and, indeed, the evidence before us indicates that the Board reviewed the record as required by N.C. Gen. Stat. § 115C-325 in reaching its decision. The Board's 1 June 2010 resolution, for instance, states that the "Board members had the opportunity to review the whole record of the case manager hearing" prior to the Board hearing. Furthermore, the Board reached its decision based upon the "Board Record," which, as detailed in the Board's resolution, consisted of the transcript of the case manager hearing, copies of all exhibits, documents, and records submitted to the case manager, the case manager's findings of fact and recommendation, the superintendent's recommendation, and the testimony presented at the Board hearing. This indicates the Board considered all of the information mandated for consideration by N.C. Gen. Stat. § 115C-325(j2) and Petitioner offers no evidence to the contrary. Petitioner's argument is overruled.

Lastly, we note Petitioner dedicates a substantial portion of the "statement of facts" section of his brief to describing the evidence relevant to his dismissal, but fails to contest the sufficiency of the evidence to support his dismissal in a manner sufficient to preserve the issue for appellate review.[2] Petitioner provides no argument specific to any one of the superintendent's three grounds for dismissal but

---

2. We decline to address arguments improperly interposed in the facts section of Petitioner's brief. *See* N.C. R. App. P. 28(b)(5).

rather states, in conclusory fashion, that "[t]he record shows that [Petitioner's] actions and performance, taken in the context of the conduct of his peers including his fellow assistant principals was not inadequate, insubordinate, or harassing." Petitioner's recitation of the evidence in the facts section of his brief and failure to present reason or authority in the argument section of his brief is insufficient to preserve this argument for appellate review, and we accordingly deem the issue abandoned. *See* N.C. R. App. P. 28(b)(6).

## IV. Conclusion

For the foregoing reasons, the trial court's order is

Affirmed.

Chief Judge MARTIN and Judge ELMORE concur.